UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MONICA WEBSTER,   CASE NO.:

    Plaintiff,

vs.

HARDRIVES OF DELRAY,
a Florida Profit Corporation.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MONICA WEBSTER ("Ms. Webster" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, HARDRIVES OF DELRAY ("HOD" or "Defendant"), and alleges the following:

1. Plaintiff brings these claims against Defendant for sex/gender discrimination, sexual orientation discrimination and retaliation in violation of Title VII ("Title VII"), the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"), and for unlawful retaliation and unlawful termination in violation of the Florida Whistleblower Act, Section 448.102 (3), Florida Statutes (FWA). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION AND VENE

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

3. The Court has supplemental jurisdiction over Plaintiff's FWA and FCRA

claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's Title VII claim that it forms part of the same case or controversy.

4. Defendant is a Florida Profit Corporation that is registered to do business in the state of Florida, including, among other places, Palm Beach County, Florida.

5. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

6. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on or about January 28, 2021.

7. On or about July 26, 2021, Plaintiff received her Notice of Right to Sue from the EEOC giving her 90 days to file a lawsuit upon her receipt of same.

8. More than 180 days have passed since the filing of the Charge of Discrimination.

9. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

10. All Conditions precent to this action have been satisfied and/or waived.

## PARTIES

11. Plaintiff is protected by Title VII and FCRA because:

    a. She identifies as a lesbian woman;

    b. She is female;

    c. She suffered discrimination and retaliation by Defendant on the basis of her sexual orientation, and sex/gender; and

    d. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sex/gender and sexual orientation including being terminated for same.

12. Defendant was at all material times an "employer" as defined Title VII, the FCRA, and the FWA as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

13. Ms. Webster worked for HOD as a Roller Operator from March 23, 2019, until her termination on August 3, 2020.

14. During her tenure with HOD, Ms. Webster was an excellent employee, who had no significant history of performance, disciplinary, or attendance issues.

15. Throughout her employment, Arions Dotson ("Mr. Dotson"), viciously discriminated against our client for based on her sex/gender, her sexuality, gender expression and gender non-conformity.

16. Specifically, around May 26, 2020, while working her scheduled shift, Mr. Dotson, aggressively accosted Ms. Webster.

17. During this encounter, he called Ms. Webster a "dyke," accused her of, "not knowing whether she was a man or a woman," and said that because of these reasons, she was "nothing but garbage."

18. These statements are reprehensible and constitute direct evidence of sexual orientation and sex/gender discrimination in violation of Title VII/FCRA.

19. Mr. Dotson further threatened Ms. Webster's life by stating that he would "break her jaw" and "throw her in a lake with the alligators" because of her sexual orientation and sex/gender expression.

20. Horrified and fearful of imminent harm, Ms. Webster immediately objected

to her supervisors, Ryan, Tony, and TJ, that Mr. Dotson's conduct constituted sex discrimination and sexual orientation discrimination in violation of Title VII/FCRA.

21. Additionally, Ms. Webster also objected that Mr. Dotson's criminal threat and assault jeopardized her safety in violation of Section 5(a)(1) of the Occupational Safety and Health Act (the General Duty Clause) and constituted unlawful criminal conduct under state law. *See* Fla. Stat. § 784.011; *See also* Fla. Stat. § 836.05.

22. Ms. Webster's objections are considered protected activity under Title VII, the FCRA, and the FWA.

23. In retaliation to her objections, on May 31, 2020, Human Resources Representative, Joseph, and Supervisor, Ryan, called Ms. Webster to a meeting and informed her that her was being written up.

24. Ms. Webster objected to this retaliatory write-up and objected, once again to Mr. Dotson's discriminatory and unlawful conduct.

25. Hearing this, Joseph and Ryan stated that Ms. Webster was required to work on Mr. Dotson's team, regardless of the threat/discrimination posed by him, or else Ms. Webster would be terminated.

26. Accordingly, on August 3, 2020, HOD took the ultimate retaliatory step and terminated Ms. Webster, in violation of the law.

27. That day, Joseph called Ms. Webster into a meeting and fired her, effective immediately.

28. When Ms. Webster asked why she was being terminated, Joseph simply stated that Ms. Webster's services were "no longer needed."

29. HOD's victim-blaming actions are unacceptable and are in direct contrast to the anti-retaliation provisions of Title VII and the FCRA.

30. HOD was unable or unwilling to conduct a fair and professional investigation into Plaintiff's objections and merely attempted to find ways to retaliate against the injured party.

31. It is evident that HOD fired Plaintiff due to her sexuality, her sex/gender, and in retaliation to her objections in clear violation of Title VII/FCRA.

32. Title VII and the FCRA prohibit sex, gender, gender expression, and sexual orientation discrimination in the workplace and protects employees from retaliation when they object to same.

33. Plaintiff's termination constitutes an adverse action as defined by Title VII/FCRA.

34. Plaintiff suffered an adverse action as a result of her sex, her gender, her gender expression, and her sexual orientation and her objections to sexual orientation discrimination.

35. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

36. Defendant does not have a non-pretextual, non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

37. Additionally, Plaintiff was also terminated due to her objections to and refusals to participate in, Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

38. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness and crippling anxiety.

39. Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Ms. Webster as a whistleblower under the law.

40. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice or what she reasonably believed to be an illegal activity, policy, or practice; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

41. Plaintiff was terminated in direct retaliation for reporting and objecting to and/or refusing to participate in Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

42. There is an extremely close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's discrimination, retaliation, and to Defendant's other violations of law, and Plaintiff's termination shortly thereafter.

43. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards her.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  DISCRIMINATION IN
## VIOLATION OF TITLE VII BASED ON SEXUAL ORIENTATION

45. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-20, 22-36, 38, and 42-44 of the Complaint as if fully set forth in this Count.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under Title VII.

47. The discrimination to which Plaintiff was subjected was based on her sexual orientation.

48. Title VII prohibits sexual orientation discrimination in the workplace. *See Bostock v. Clayton Co. Ga.*, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020).

49. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

50. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

52. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II:  RETALIATION IN
## VIOLATION OF TITLE VII BASED ON OBJECTIONS TO SEXUAL ORIENTATION DISCRIMINATION

53. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-20, 22-36, 38, and 42-44 of the Complaint as if fully set forth in this Count.

54. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

55. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on her sexual orientation.

56. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

59. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT III:  DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON SEXUAL ORIENTATION

60. Plaintiff realleges and adopts the allegations contained in paragraphs 1-20,

22-36, 38, and 42-44 of the Complaint as if fully set forth in this Count.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under the FCRA.

62. The discrimination to which Plaintiff was subjected was based on her sexual orientation.

63. FCRA prohibits sexual orientation discrimination in the workplace. See *Bostock v. Clayton Co. Ga.*, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020); *Fla. Dept. of Community Affairs v. Bryant*, 586 So. 2d 1205 (Fla. 1st DCA 1991) ("Because [the FCRA] is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, federal case law dealing with Title VII is applicable.").

64. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

65. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT IV:  RETALIATION IN VIOLATION OF THE FCRA BASED ON OBJECTIONS TO SEXUAL ORIENTATION DISCRIMINATION

68.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-20, 22-36, 38, and 42-44 of the Complaint as if fully set forth in this Count.

69.     The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under the FCRA.

70.     The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on her sexual orientation.

71.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

73.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

74.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT V:  DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON SEX/GENDER

75.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2,

4-20, 22-36, 42-44 as if fully set forth in this Count.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

77. The discrimination to which Plaintiff was subjected was based on her sex/gender.

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

81. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT VI: RETALIATION IN VIOLATION OF TITLE VII BASED ON OBJECTIONS TO SEX/GENDER

82. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-20, 22-36, 42-44 of the Complaint as if fully set forth in this Count.

83. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

84. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on her sex/gender.

85. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT VII: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON SEX/GENDER

89. Plaintiff realleges and adopts the allegations contained in paragraphs 1-20, 22-36, 38, and 42-44 of the Complaint as if fully set forth in this Count.

90. The acts of Defendant, by and through its agents and employees, violated

Plaintiff's rights against sex/gender discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

91. The discrimination to which Plaintiff was subjected was based on her sex/gender.

92. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

95. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT VII:  RETALIATION IN VIOLATION OF THE FCRA BASED ON OBJECTIONS TO SEXUAL ORIENTATION DISCRIMINATION

96. Plaintiff realleges and adopts the allegations contained in paragraphs 1-20, 22-36, 38, and 42-44 of the Complaint as if fully set forth in this Count.

97. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex/gender discrimination

under the FCRA.

98. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on her sex/gender.

99. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

102. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

**COUNT VIII**
**UNLAWFUL RETALIATION IN VIOLATION OF FLORIDA'S PRIVATE WHISTLEBLOWER ACT**

103. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-5, and 13-44 of the Complaint as if fully set forth herein.

104. On August 3, 2020, Defendant illegally terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

105. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

106. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

107. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 16th day of September 2021.

By:  *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com